# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PNC Bank, N.A., | ) |
| Plaintiff, | ) |
| | ) Case No.: 2:22-cv-00301-GMN-NJK |
| vs. | ) |
| | ) **ORDER** |
| FIDELITY NATIONAL TITLE GROUP, INC., *et al.* | ) |
| | ) |
| Defendants. | ) |
| | ) |

Pending before the Court is the Motion to Remand, (ECF No. 14), filed by Plaintiff PNC Bank, N.A. ("Plaintiff"). Defendant Fidelity National Title Insurance Company ("FNTIC") filed a Response, (ECF No. 20), to which Plaintiff filed a Reply, (ECF No. 22). For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion to Remand.

## I.        BACKGROUND

This case arises from a real property title insurance dispute. On February 17, 2022, Plaintiff filed its Complaint in the Eighth Judicial District Court for Clark County, Nevada, against FNTIC, Fidelity National Title Group, Inc. ("FNTG"), and Land Title of Nevada, Inc. ("Land Title Nevada"). (*See generally* Compl., Ex. 1 to Pet. Removal, ECF No. 1-1). The same day, Defendant FNTIC filed its Petition of Removal in this Court. (*See* Pet. Removal, ECF No. 1). In its Petition, FNTIC alleges that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Plaintiff then filed the instant Motion to Remand. (Mot. Remand, ECF No. 14).

## II.       LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). "If at any time before final judgment it appears that the district court lacks subject matter

jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  Generally, district courts have subject matter jurisdiction over civil actions in which: (1) the claims arise under federal law; or (2) where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. §§ 1331, 1332(a).  In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined. *See Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018).  "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against finding fraudulent joinder.'" *Id.* (citing *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)).  "There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quotation marks omitted).

A civil action brought in state court may be removed to a federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a).  The defendant asserting the removal must prove it is proper, and there is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

## III.      **DISCUSSION**

Plaintiff contends that remand is warranted because both Plaintiff and FNTG are citizens of Delaware. (*See* Mot. Remand, ECF No. 14).  In response, FNTIC alleges that FNTG was "fraudulently joined" to defeat diversity because Plaintiff cannot establish a cause of action against FNTG. (*See* Resp. Mot. Remand, ECF No. 20).  The Ninth Circuit has held that a court "must find that a defendant was properly joined and remand the case to state court if there is a '*possibility* that a state court would find that the complaint states a cause of action against any

///

of the [non-diverse] defendants." *Grancare LLC*, 889 F.3d at 549 (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)) (emphasis in original).

At this stage, it is unclear to what extent FNTG was involved in the execution of Plaintiff's deed of trust policy. Plaintiff alleges that FNTG was properly joined because FNTG governs the underwriting and claims process for its subsidiaries, including FNTIC, (*see generally* Reply, ECF No. 22), and that FNTG provided a manual that governed any action taken by FNTIC when issuing policies. (*Id.*) Plaintiff's Motion to Remand additionally alleges that FNTIC initially accepted tender of Plaintiff's deed of trust claim, but withdrew coverage and denied the claim upon direction from FNTG. (*See* Mot. Remand, ECF No. 14). Based on these allegations, there is a *possibility* that a state court could find that the Plaintiff has a colorable claim against FNTG. Therefore, the Court finds that FNTIC has not met its "heavy burden" of demonstrating that none of Plaintiff's claims could possibly be successful against FNTG. Accordingly, the Court GRANTS Plaintiff's Motion to Remand.[1]

**IV.**         **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, (ECF No. 14), is **GRANTED.**

**IT IS FURTHER ORDERED** that the case is hereby remanded to the Eighth Judicial District Court for Clark County, Nevada, for all further proceedings.

**DATED** this ___6___ day of April, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

---

[1] Plaintiff additionally alleges that FNTIC improperly removed the case before forum-defendant Land Title Nevada was properly served. (*See* Mot. Remand, ECF No. 14). Because complete diversity does not exist, the Court does not reach the merits of this argument.